IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MANUEL SANCHEZ RODRIGUEZ, et al.,** <br><br> Plaintiffs <br><br> v. <br><br> **INTEGRAND ASSURANCE COMPANY,** <br><br> Defendant | **CIVIL NO.** 10-1476 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Before the Court is Integrand Assurance Company's Motion to Dismiss Pursuant to to Fed.R.Civ.Proc. 12(b)(6) (Docket No. 30). For the reasons set forth below, the motion is hereby **DENIED**.

**PROCEDURAL BACKGROUND**

On June 1, 2010, Manuel Sánchez Rodríguez, domiciled in Ohio, and Emanuel Sánchez Rodríguez, domiciled in Massachusetts, filed a complaint against Integrand Assurance Company ("Integrand"), a corporation organized and existing under the laws of Puerto Rico. They alleged that their mother Susana

Rodríguez Bermúdez died as a consequence of the injuries she suffered when she was hit by a fire truck insured by Integrand. They claimed $500,000 each for their own pain and suffering, and $1,000,000 for the pain and suffering their mother endured before her death, which they inherited. They alleged this Court had diversity jurisdiction because Plaintiffs were domiciled outside of Puerto Rico and because their claims exceeded $75,000.

On February 18, 2011, Plaintiffs requested leave to file an Amended Complaint. (Docket No. 20). They stated that they wished to withdraw their personal pain and suffering claim and would only seek compensation for the inherited cause of action. The Court granted their request. (Docket No. 21). Accordingly, on February 23, 2011, they filed an Amended Complaint and requested that their claims for their own emotional damages be dismissed with prejudice. (Docket Nos. 24, 25). On that same date, the Court entered a partial judgment dismissing their causes of action for pain and suffering. (Docket No. 27).

The Amended Complaint, states that Plaintiffs' mother was hit by a fire truck property of the Puerto Rico Fire Department on July 17, 2009. (Docket No. 24, ¶ 5). As a result of the impact she had to have her left arm amputated. Id. at 7. She received blood transfusions and morphine to relieve the pain and

remained hospitalized until July 25, 2009. According to the complaint, she died on December of the same year due to post-accident medical complications. Id. Plaintiffs' claim is based on the inherited cause of action.

On July 28, 2011, Integrand filed a Motion to Dismiss arguing that the Court lacks jurisdiction to entertain this suit because Plaintiffs should be deemed "representatives of the estate" for purposes of 28 U.S.C. § 1332. As such, it posits, they are deemed citizens of Puerto Rico, where their mother was domiciled at the time of her death.

On August 1, 2011, Plaintiffs opposed the motion. (Docket No. 32). They aver that under Puerto Rico law an estate does not have legal capacity and only the members of the estate are plaintiffs in this case.

On that same day, Integrand filed a Reply. (Docket No. 1). However, the Court struck said filing because Integrand had not requested prior leave to file as required by Local Rule 7. (Docket No. 33).

The Court also notes that Integrand waited until this advanced state of the proceedings, with trial set a month away, to file its motion, despite the fact that the Amended Complaint was filed six months ago.

**ANALYSIS**

"In order to maintain an action in federal court based upon diversity jurisdiction, the plaintiff must be diverse from the defendant in the case." Gorfinkle v. U.S. Airways, Inc., 431 F.3d 19, 22 (1st Cir. 2005); Cook, Stratton & Co. v. Universal Ins. Group, Inc., 241 F.R.D. 411, 416 (D.P.R. 2007). "Diversity of Jurisdiction exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." Strawbridge v. Curtiss, 7 U.S. 267, 2 L. Ed. 435 (1806); Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005). For purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 569-570, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004).

The statute that regulates diversity of citizenship prescribes that district courts shall have original jurisdiction to entertain cases where the matter in controversy exceeds $75,000 and is, among others, between citizens of different states. 28 U.S.C. § 1332(a). For purposes of this statute, the term "states" includes the Commonwealth of Puerto Rico. 28 U.S.C. § 1332(b). The statute also prescribes that, "the legal representative of the estate of a decedent shall be deemed to be

a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2).

According to Integrand, Plaintiffs are representing the estate and should be considered citizens of Puerto Rico. They contend that under Puerto Rico law the cause of action of a decedent becomes a part of the estate and, since the estate in this case is considered a citizen of Puerto Rico, its representatives (Plaintiffs) should also be considered citizens of Puerto Rico. (Docket No. 30, ¶ 43).

The Court concedes that this argument gave it pause. However, the issue has been settled in this district for some time. In Arias-Rosado v. Gonazález-Tirado, 111 F.Supp. 2d 96 (D.P.R. 2000), it was decided that because a "succession does not have existence by itself" […] each "heir acquires an independent right over the estate and the abstract portion of the estate that belongs to him/her immediately enters his/her patrimony as an independent and autonomous value that only belongs to him/her and of which he/she can dispose of with total liberty." Id. at 99 (citations omitted). The Court thus concluded that the inherited cause of action is exercised by an

heir in his or her own capacity and not as a representative of the estate for purposes of 28 U.S.C. §1232(c).

It was also noted that the American Law Institute Study that explains the purpose of the inclusion of the phrase "legal representative of the estate" in the statute indicates:

> [T]he phrasing "any person representing the estate of a decedent…." **does not include a person given by statute a right to bring an action in his own name because of a decedent's death by reason of his relationship to the decedent (e.g., a widow or child of the decedent); such a person retains such right of access to a federal court as his own citizenship gives him**. The imposition upon diversity jurisdiction has been the appointment of out-of-staters to create diversity, and there seems no sufficient reason to cover a person whose right to sue is because of his relationship rather than by appointment. Arias-Rosado, 111 F.Supp. 2d at 98. (citations omitted) (Emphasis in original).

The cited study further supports the conclusion that heirs who bring an inherited cause of action and who are seeking to exercise a right belonging to them are not within the statute's scope because they are not acting as representatives of the estate.

In Arias-Rosado, it was also determined that if there are non-diverse heirs, they were not to be considered indispensable parties for any judgment to the individual heir would benefit the rest. This aspect of Arias-Rosado has been criticized. See

<u>Cruz-Gascot v. HIMA - San Pablo Hosp. Bayamon</u>, 728 F. Supp. 2d 14 (D.P.R. 2010). In a recent case, <u>Jimenez v. Rodriguiez-Pagan</u>, 597 F.3d 18 (1st Cir. 2010), the first Circuit discussed <u>Arias-Rosado</u> in the context of an indispensable party issue because several non-diverse heirs were not joined as plaintiffs in order not to destroy diversity jurisdiction. Said Court expressed concerns regarding <u>Arias-Rosados's</u> interpretation of Puerto Rico law to conclude that not all heirs have to be before a Court, but avoided the issue by disposing of the case on other grounds. The Court of Appeals, however, did not discuss <u>Arias-Rodado's</u> holding regarding the fact that heirs do not represent the estate for purposes of 28 U.S.C. §1232(c). The Court finds this significant for it may reasonably be interpreted as a *sub silentio* endorsement of the holding.

### CONCLUSION

For the reasons stated above, the Court finds that complete diversity of jurisdiction exists in this case and, hence, **DENIES** Integrand's Motion to Dismiss. (Docket No. 30).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of August, 2011.

S/ Jay A. García-Gregory
JAY A. GARCÍA-GREGORY
United States District Judge
